Jeffrey Kastner, **SBN 021159**
COMMUNITY LEGAL SERVICES
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434, Ext. 2700
Email:   jkastner@clsaz.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Rayburn, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>City of Phoenix Housing Department, Section 8 Department; Kim Dorney Rodriguez, individually and in her official capacity as Deputy Director of the City of Phoenix Housing Section 8 Department; Paul Magallanez, individually and in his official capacity as Director of the Section 8 Department,<br><br>　　　　　　　Defendant. | No.  2:06-CV-1590-PHX-SRB<br><br>**PLAINTIFF'S MOTION<br>IN LIMINE** |

Plaintiff, by and through undersigned counsel, respectfully requests this court to enter an order limiting the ability of Defendant to present certain evidence at trial.  This motion is supported by the accompanying Memorandum of Points and Authorities which is incorporated herein by this reference.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　Defendant should not be permitted to introduce broad categories of after-acquired evidence which was not relied upon in deciding: a) not to grant a reasonable accommodation to Plaintiff under the Fair Housing Laws, b) to deny Plaintiff's request to relocate, or c) to terminate Plaintiff's rental subsidy for having an eviction judgment entered.**

Defendant should be prevented from presenting after-acquired evidence to justify its denial of consideration of Plaintiff's request for a reasonable accommodation under the Fair Housing laws, denial of her request to relocate based upon its new policy, and termination of her Section 8 housing voucher due to entry of an eviction judgment. This motion includes evidence acquired during the discovery process, including Plaintiff's rental file and statements of the testimony of the apartment manager concerning events not previously communicated to Defendant. Defendant could not rely on evidence it did not have in making the aforementioned decisions. This evidence does not meet the definition of relevant evidence as defined in <u>Federal Rules of Evidence</u> (FRE) Rule 401. The evidence must be legally relevant in that it must tend to establish some fact that is of consequence to a decision in the case. The decisions of Defendant could not be based upon information it did not have at the time the decisions were made.

## II. **Evidence of purported conduct of Plaintiff not relied upon or known at the time of Defendant's action is inadmissible because its probative value does not substantially outweigh the prejudicial effects.**

Assuming, *arguendo,* that the evidence proffered by Defendant was relevant to the issues in this case, it would nevertheless be inadmissible under the applicable rules of evidence. FRE Rule 403 provides for the exclusion of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time . . ." Balancing of probative value and prejudicial effect begins with an assessment of the probative value of the evidence on the issue for which it is offered. <u>Old Chief v. US</u>, 519 US 172, 179–192, 117 S. Ct. 644, 650–656 (1997).

The Defendant in its Motion for Summary Judgement attaches an affidavit of the apartment manager concerning certain alleged occurrences at the apartment complex and the manager's opinions concerning Plaintiff. This information was not considered by Defendant at the time that it took the actions (denying her request for a reasonable accommodation, denying her request for relocation, failing to consider the circumstances of

the eviction, and terminating her automatically because of the entry of an eviction judgment) and therefore cannot be relevant to determining the legality of Defendant's actions. There is no doubt that the evidence submitted by Defendant would substantially prejudice the trier of fact against Plaintiff. Considering these side issues would unduly lengthen the trial since each notice or observation by the apartment complex would then have to be tested as to whether such notice was accurate or whether the observation was correct—all not having to do with the issues as to actions of the Defendant in terminating her. Plaintiff would then have to present evidence refuting innuendos and inferences not relevant, or marginally relevant, to the issues raised. Further, any probative value the rental file may possess is far outweighed by the prejudicial effect such admission would have on Plaintiff and should, therefore, be inadmissible.

**III.     Defendant's character, as painted by her previous apartment manager should not be permitted to be introduced as evidence because her character is not in issue, but the Defendant's actions based upon Defendant's knowledge at the time it terminated her from the program are the issues.**

Defendant's attempt to show that Plaintiff was a bad tenant would go to prove Plaintiff's character which it not the issue in this case. Evidence of character to prove the conduct of a person is generally not admissible in a civil case. Any probative value of Plaintiff's character is outweighed by the danger of prejudice, the possible distraction of the trier of fact from the main question in issue, and the possible waste of time required by examination of collateral issues. FRE Rule 406 defines character evidence as evidence probative of a person's character, such as honesty, temperance or peacefulness. Character evidence is not admissible to prove a person acted in conformity with his or her character. United States v. Lynch, 367 F3d 1148, 1159–1161 (9th Cir. 2004).

**IV.     Defendant should not be permitted to introduce evidence of any alleged lease violations or breaches not stated in Notices to Plaintiff.**

Only the lease violation or breach of lease upon which the judgment of eviction was entered should be allowed. Other possible lease violations such as late payments or

1 disturbing other tenants should be excluded.

2 These other alleged breaches are not a defense to the Defendant's failure to
3 follow the mandated Federal Regulations nor in failing to even consider a "reasonable
4 accommodation" under Fair Housing laws.

## Conclusion

The evidence concerning facts which Defendant was not aware of at the time it took the actions herein complained are irrelevant to a determination of this case. Also evidence of other alleged lease violations or breaches are likewise irrelevant and inadmissable since those alleged violations were not the basis upon which the Defendant acted. An eviction action is a statutory procedure which requires that the tenant be advised by notice of his breach or violation before an action may be filed. Arizona Revised Statutes §§ 12-1175, 33-1368, 33-1377. Any reliance of other lease violations is not relevant and this evidence's prejudicial nature would far outweigh any probative value it may offer nor would it justify Defendant's actions in denying Plaintiff's relocation request or termination. Consequently, Plaintiff requests an order from this court preventing Defendant from presenting any of the above referenced evidence at trial

**RESPECTFULLY SUBMITTED** this 14th day of April 2008.

COMMUNITY LEGAL SERVICES

By  s/ *Jeffrey Kastner*
JEFFREY KASTNER
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14th, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> OFFICE OF THE CITY ATTORNEY
> GARY VERBURG, City Attorney
> James J. Sampanes, Assistant City Attorney
> 200 West Washington, Suite 1300
> Phoenix, Arizona 85003-1611
> james.sampanes@phoenix.gov
> Attorney for Defendant CITY OF PHOENIX

I hereby certify that on April 14th, 2008, a copy of the foregoing document will be mailed to the following:

> The Honorable Susan R. Bolton
> U.S. DISTRICT COURT
> Sandra Day O'Connor U.S. Courthouse, Suite 522
> 401 West Washington Street, SPC 50
> Phoenix, Arizona 85003-2153

By   */s/Laura E. Smith*
     Laura E. Smith

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE ● HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 ● FAX (602) 254-3957 ● TDD (602) 254-9852